```
          IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF TEXAS
                    DALLAS DIVISION

CAROLINA GARCIA,               §
                               §
              Plaintiff,       §
                               § Civil Action No. 3:04-CV-1917-D
VS.                            §
                               §
ZALE CORPORATION, et al.,      §
                               §
              Defendants.      §
```

MEMORANDUM OPINION
AND ORDER

In this employment discrimination action, plaintiff Carolina Garcia ("Garcia") moves for leave to amend her complaint, and three of the four individual defendants—Mike Foxx ("Foxx"), Tyke Randolph ("Randolph"), and Vicki McGuire ("McGuire")—move to dismiss the claims against them. For the reasons that follow, the court grants the motions in part and denies them in part.

I

Garcia sued defendants Zale Corporation ("Zale"), Foxx, Randolph, McGuire, and Richard Ross ("Ross") in Texas state court in July 2004. She alleged claims for violations of Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.*, and the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq.*; race discrimination, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, the Texas Commission on Human Rights Act ("TCHRA"), Tex. Labor Code Ann. §§ 21.001-21.556 (Vernon 1996 & Supp. 2005), and 42 U.S.C. § 1981; sex discrimination, in violation of Title VII and the TCHRA; and

intentional infliction of emotional distress.  Zale removed the case to this court in September 2004 based on federal question jurisdiction.  Garcia did not effect service on Foxx, Randolph, or McGuire until November 2005.[1]  She later filed a motion for leave to amend, and Foxx, Randolph, and McGuire filed a motion to dismiss.

II

Garcia moves for leave to file a first amended complaint to add claims against Zale for a hostile work environment and negligent supervision and negligent retention.  Defendants partially oppose the motion.  They contend that the court should deny Garcia leave to add claims for negligent supervision and negligent retention because the amendment would be futile.  Defendants reason that such claims are preempted against Zale under the Texas Workers' Compensation Act ("TWCA") and that, assuming *arguendo* that Garcia intends to assert the claims against the individual defendants, they cannot be held liable because Garcia has not pleaded facts, and cannot establish, that they were the employer of the alleged wrongdoer.

A

"It is settled that the grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court."  *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S.

---

[1] Defendants maintain that Ross has not yet been served.

- 2 -

321, 330 (1971). Leave to amend pleadings "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The court recognizes that it may deny leave when the amendment would be futile, that is, when "the amended complaint would fail to state a claim upon which relief could be granted." *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000). As the court has noted before, however,

> the court's almost unvarying practice when futility is raised is to address the merits of the claim or defense in the context of a Rule 12(b)(6) or Rule 56 motion. The court only infrequently considers the merits of new causes of action in the context of Rule 15(a). The court prefers instead to do so in the context of a Rule 12(b)(6) or Rule 56 motion, where the procedural safeguards are surer.

*Poly-Am., Inc. v. Serrot Int'l Inc.*, 2002 WL 206454, at *1-*2 (N.D. Tex. Feb. 7, 2002) (Fitzwater, J.) (quoting *Sells v. Six Flags Over Tex., Inc.*, Civil Action No. 3:96-CV-1574-D, slip op. at 2 (N.D. Tex. Oct. 17, 1996) (Fitzwater, J.)).

In this case, the court declines to address Zale's futility argument in the context of a motion for leave to amend. Garcia does not allege in her proposed first amended complaint that she was covered by workers' compensation. Therefore, to conclude that her claims for negligent supervision and negligent retention are preempted, the court would be required to deny leave to amend on a basis that might not even support a Rule 12(b)(6) motion (because

it would be based on facts external to the complaint).[2]

B

The court denies Garcia's motion, however, to the extent she seeks to sue the individual defendants for negligent supervision and negligent retention because she has not pleaded that any individual defendant was the employer of the alleged wrongdoer. *See, e.g., Sanders v. Casa View Baptist Church,* 898 F. Supp. 1169, 1179 (N.D. Tex. 1995) (Solis, J.) ("To prevail on a claim for negligent hiring or supervision, a plaintiff must show that *the employer* retained in its employment an individual who was incompetent or unfit for the job as a result of a failure to make a reasonable inquiry into the individual's competence and qualifications." (emphasis added)); *Morris v. JTM Materials, Inc.,* 78 S.W.3d 28, 49 (Tex. App. 2002, no pet.) (referring to liability for negligent hiring, retention, and supervision as employer liability).[3]

Accordingly, Garcia's motion for leave to file first amended

---

[2] For example, one of this court's decisions that defendants cite in support of their motion——*Tillison v. Trinity Valley Electric Cooperative*, 2005 WL 292423 (N.D. Tex. Feb. 7), *vacated*, No. 3:03-CV-2480-D (N.D. Tex. Apr. 18), *summary judgment granted after additional submissions*, 2005 WL 2124122 (N.D. Tex. Sept. 2) (Fitzwater, J.), *appeal docketed*, No. 05-11332 (5th Cir. Dec. 1, 2005)——was decided on motion for summary judgment, not on motion to dismiss for failure to state a claim or on motion for leave to amend.

[3] Moreover, as the court explains below in addressing the individual defendants' motion to dismiss, it appears that Garcia sues them only under § 1981.

complaint is granted, except that she may not include claims against the individual defendants for negligent supervision or negligent retention.[4]  She must file her first amended complaint within 15 days of the date this memorandum opinion and order is filed.

### III

Foxx, Randolph, and McGuire move to dismiss Garcia's action. They seek dismissal based on Rule 12(b)(5) on the ground that Garcia did not serve them until more than 120 days after she filed suit, in violation of Rule 4(m).  They also maintain under Rule 12(b)(6) that her claims against them under Title VII, the TCHRA, and the ADA must be dismissed because they are supervisors who cannot be held liable under these laws.  Randolph also posits that the claims against him should be dismissed under Rule 12(b)(6) because Garcia has failed to plead facts that could constitute a violation of law.[5]

---

[4]The court notes that, at least in ¶ 63 of her proposed first amended complaint, Garcia refers to "American Airlines" rather than to Zale.  She may wish to review the proposed pleading anew before filing it to ensure that there are no inadvertent references to parties whom she does not intend to include as defendants.

[5]Although in § II(A) the court has granted in part Garcia's motion for leave to amend, the court may consider these arguments because they apply equally to her proposed first amended complaint. *See, e.g., Holmes v. Nat'l Football League*, 939 F. Supp. 517, 522 n.7 (N.D. Tex. 1996) (Fitzwater, J.).

A

It appears from Garcia's response to defendants' motion that she is suing the individual defendants only under § 1981. *See, e.g.,* P. Resp. 1, 4, 5. Accordingly, the court dismisses her claims against them under Title VII, the TCHRA, and the ADA.

B

The court now addresses defendants' motion to the extent based on Rules 12(b)(5) and 4(m) and Randolph's individual motion under Rule 12(b)(6).

Rule 4(m) does not command that a case must always be dismissed when service is not effected within 120 days. It permits the court to direct that service be effected within a specified time and, provided a plaintiff shows good cause for failing to effect service, requires that the court extend the time for service for an appropriate period.[6] Defendants did not move to dismiss under Rule 12(b)(5) until after summonses for them had been issued

---

[6]Rule 4(m):

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period. This subdivision does not apply to service in a foreign country pursuant to subdivision (f) or (j)(1).

on October 26, 2005. Had these defendants moved for dismissal under Rule 4(m) before that date, the court, absent a showing of undue prejudice, would likely have exercised its prerogative to "direct that service be effected within a specified time." Defendants have not shown that the delay in service unduly prejudiced them. In their motion they focus instead on the premise that Garcia cannot demonstrate good cause for failing to serve them within the 120-day period prescribed by Rule 4(m). Accordingly, the court declines to dismiss Garcia's action against the individual defendants for failure to effect service within the time prescribed by Rule 4(m).

C

The court also denies Randolph's individual Rule 12(b)(6) motion. "'[T]he motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted.'" *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982) (quoting 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357, at 598 (1969)). "[D]ismissal of a claim on the basis of barebones pleadings is a 'precarious disposition with a high mortality rate.'" *Id.* (quoting *Barber v. Motor Vessel "Blue Cat,"* 372 F.2d 626, 627 (5th Cir. 1967)). "The court may dismiss a claim when it is clear that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Jones v. Greninger*, 188 F.3d 322,

324 (5th Cir. 1999) (per curiam) (Rule 12(c) decision) (citing *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir.1990)).  "In analyzing the complaint, [the court] will accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff."  *Id.* (citing *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401 (5th Cir.1996)).  "The issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim."  *Id.* (citing *Doe*, 81 F.3d at 1401).  "Thus, the court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint."  *Id.* (citing *Vander Zee v. Reno*, 73 F.3d 1365, 1368 (5th Cir. 1996)).  Under the highly deferential standard of *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), and viewing the allegations of Garcia's complaint in the light most favorable to her for purposes of deciding the motion to dismiss, *see, e.g., Royal Bank of Canada v. FDIC*, 733 F. Supp. 1091, 1094 (N.D. Tex. 1990) (Fitzwater, J.), the court is unable to say that she can prove no set of facts, consistent with the allegations, that would entitle her to relief against Randolph.  The court therefore denies his individual motion to dismiss.

\*   \*   \*

The court grants in part and denies in part Garcia's November 3, 2005 motion for leave to file first amended complaint. She must file a first amended complaint, consistent with this memorandum opinion and order, within 15 days of the date it is filed. The court grants in part and denies in part defendants' December 2, 2005 motion to dismiss.

**SO ORDERED.**

February 1, 2006.

                                                    _____
                                                    SIDNEY A. FITZWATER
                                                    UNITED STATES DISTRICT JUDGE